UNITED STATES of America,
Plaintiff–Appellee,

v.

Herman GEORGE, Defendant–
Appellant.

No. 03–10570.

Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 2003.

Marc W. Barta, US Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Richard L. Wardroup, Law Office of Richard L. Wardroup, Lubbock, TX, for Defendant–Appellant.

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

Herman George appeals his guilty-plea conviction and sentence for possession of firearms by an armed career criminal. *See* 18 U.S.C. §§ 922(g)(1), 924(e). George argues that the district court abused its discretion in denying the Assistant Federal Public Defender Chris A. Cooklin's first motion to withdraw as appointed counsel. A valid guilty plea waives any nonjurisdictional defects leading to a conviction *United ed States v. Owens,* 996 F.2d 59, 60 (5th Cir.1993). The issue of the district court's denial of appointed counsel's motion to withdraw involves a purported nonjurisdictional defect waived by George's valid guilty plea. *See id.*

George also argues that the district court erred in denying his motion to withdraw his guilty plea. A district court may grant a motion to withdraw a guilty plea before a defendant is sentenced upon a showing by the defendant of "a fair and just reason for requesting the withdrawal." FED. R.CRIM. P. 11(d)(2)(B) (2003); *United States v. Brewster,* 137 F.3d 853, 857 (5th Cir.1998) (citing former FED. R.CRIM. P. 32(e)); *see also United States v. Carr,* 740 F.2d 339, 343–44 (5th Cir.1984). The district court did not abuse its discretion in denying George's motion to withdraw his guilty plea. *See Brewster,* 137 F.3d at 857–58.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.